IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **06-cv-02427-REB-MJW**

Charles R. Anderson,

    Plaintiff,

v.

National City Bank, a National Banking Association,

    Defendant.

---

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

---

    Pursuant to Fed. R. Civ. P. 26(c), THE PARTIES STIPULATE AND AGREE that this Stipulation and Order shall govern the handling of documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, and requests for admissions, inspections, witness interviews and any other information produced, given or exchanged by and among the parties and non-parties to this action.

    A protective order is necessary in this case to prevent the improper dissemination and use of confidential, private, privileged or proprietary material to parties not involved in this litigation. Certain information to be produced in discovery involves confidential, private, privileged or proprietary information. Accordingly, the parties request that this Court enter a protective order limiting the use of such documents and depositions. The parties seek a protective order to assure that any

such information be kept confidential. The parties have entered into this Stipulation for the purpose of facilitating the efficient production of information that the producing party may claim is entitled to confidential treatment.

## DEFINITIONS

For the purposes of this Order the following definitions shall apply:

**"Discovery Material"** means all documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, and requests for admissions, inspections, examinations of physical evidence, witness interviews, and any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by and among the parties and non-parties to this action.

**"Confidential Discovery Material"** means Discovery Material designated as "Confidential" under the terms of this Order.

**"Producing Party"** means any party or non-party to this action producing Discovery Material.

**"Designating Party"** means any Producing Party or other party to this action who wishes to designate or has designated Discovery Material as Confidential Discovery Material.

**"Attorney Work Product"** means all letters, memoranda, notes, drafts, and other documents containing any attorney's research, impressions, ideas or strategies prepared in anticipation of this action.

**"Attorney-Client Privilege"** means all documentation of communications between an attorney and his or her client.

## TERMS OF CONFIDENTIALITY

1. Any Producing Party or Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order if such party in good faith believes that such Discovery Material contains otherwise privileged material, material subject to the work-product doctrine, or non-public, proprietary, private, confidential, commercially sensitive, competitively sensitive or highly personal information that requires the protections provided in this Order.

2. Confidential Discovery Material, and information derived therefrom, shall be used solely for purposes of this action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation.

3. The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any Producing or Designating Party:

    A. In the case of documents or other materials (apart from interviews, depositions or pretrial testimony), by stamping the same with the legend "Confidential" or otherwise notifying other counsel in writing of the "Confidential" status.

    B. In the case of depositions or pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure that said testimony is "Confidential." Such testimony may also be designated by written notice from counsel for the Designating Party to the court reporter and counsel of record for all other parties, specifying by page and line number the material to be classified and the classification assigned.

C.   In the case of any other production of Discovery Material not otherwise covered by this Order, a written statement made by counsel of the Designating Party to counsel for the other parties to this action, that such Discovery Material or any portion thereof is "Confidential."

4.   A Producing Party shall have the right to designate Discovery Material consisting of competitively sensitive financial information and business procedures as "Confidential" where the Designating Party believes in good faith that he, she or it would be entitled to such a restriction under Rule 26(c)(7) of the Federal Rules of Civil Procedure.  This may include, without limitation, Discovery Material that the Producing Party claims constitutes private or confidential information, trade secrets, confidential commercial information, business plans, procedures, policies, balance statements, statements of accounting, general marketing information, general financial information (including historical financial information), and other confidential or privileged matter. The parties agree to use their best efforts, acting in good faith, to limit such designations to material that truly warrants the special treatment accorded such material hereunder.

5.   Discovery Material designated as "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

A.   The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

B.   Any named party, outside counsel to such parties who have entered appearances in this action, in-house counsel for the corporate parties herein,

and clerical, paralegal and secretarial staff employed or retained by outside or in-house counsel, including outside copying services;

  C. Experts or consultants retained by counsel in connection with this action;

  D. Deposition witnesses questioned by counsel of record for a party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, and provided that (i) such witness signs an Undertaking in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order, or (ii) if such witness refuses to sign an Undertaking, and such refusal is noted on the deposition record, counsel provides the witness with a copy of this Order, informs the witness that the information to be communicated is Confidential, subject to a Confidentiality Order in this case, may be used only in connection with that deposition and may not be communicated to any other person, and that any misuse of the Confidential Discovery Material will violate the Court's Order and may be punished as a contempt of Court.

  E. An author or recipient of the Confidential Discovery Material to be disclosed, summarized, described, characterized or otherwise communicated or made available, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such author or recipient signs an Undertaking in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order.

  6. Notwithstanding anything contained in paragraphs 4 or 5, Confidential Discovery Material may be disclosed to any expert or consultant retained by counsel in

connection with this action only for the purpose of enabling such expert or consultant to prepare a written opinion, to prepare to testify and testify at trial, hearings or depositions herein, or to otherwise assist counsel in the prosecution or defense of this action, and provided that such expert or consultant (a) is not currently employed by, engaged by, or directly advising any competitor of the Designating or Producing Party with respect to any business matter materially related to the subject matter of this action, and (b) agrees not to provide any such advice within the six months after such expert's or consultant's services has been completed in connection with this action; and (c) is using said information solely in connection with this action. Before receiving any such material, such consultant or expert shall sign an Undertaking in the form attached hereto as Exhibit B, thereby agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Order, and agreeing not to disclose or use such Confidential Discovery Materials for purposes other than those permitted hereunder.

7. No copies of Confidential Discovery Materials shall be made except by or on behalf of the persons listed in subsections (A), (B) and (C) of paragraph 5, above. To the extent such authorized persons require copies of Confidential Discovery Materials, any such copies shall be used solely for the purposes of this action.

8. When filing any documents which contain information which has been designated Confidential Discovery Material, such documents shall be filed in sealed envelopes [*Consistent with D.C.Colo.LCivR 7.2 And 7.3*] marked with the title of the action and bearing a statement substantially in the following form:

**CONFIDENTIAL**

**FILED UNDER SEAL PURSUANT TO AN ORDER DATED _____, 2007, GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION. THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER**

All such materials so filed shall be released from confidential treatment only upon further order of the Court.

9. If any receiving party objects to the designation of any Discovery Materials as "Confidential" the parties shall attempt to resolve the dispute in good faith on an informal basis. If they are then unable to resolve the dispute, the objecting party may move for relief from this Order with respect to such challenged discovery materials. If such motion is made, the Discovery Material shall continue to be deemed "Confidential" under the terms of this Order, until the Court rules on such motion.

10. In the event that any Confidential Discovery Material is used in any court proceeding in this action or any appeal therefrom, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any such material used in the course of any court proceedings including, but not limited to, requesting the Court to hear counsel with respect to such information *in camera*. No party who has received Confidential Discovery Material shall offer it into evidence, or otherwise tender it to the Court in any court proceeding, without first advising the Court and the Designating or Producing Party of its intent to do so. At that point, the Designating

Party may seek such protection from the Court as it deems appropriate, including the exclusions of persons and witnesses from the Court and the sealing of the pertinent parts of the Court records. The use of Confidential Discovery Material in any court proceeding shall not prejudice in any way the rights of any person to petition the Court for such further protective measures as may be, necessary to protect the confidentiality of such material.

11. The provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals therefrom. Within forty days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material was disclosed, all persons having received Confidential Discovery Material shall, at the option of the Designating Party, either return such material and all copies thereof (including summaries and excerpts) to the Producing Party or its counsel or destroy all such Confidential Discovery Material and certify in writing to the Producing and Designating Parties or their counsel that such destruction has occurred. Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product which contain Confidential Discovery Material or references thereto; <u>provided</u> that such counsel, and employees of such counsel, shall not disclose to any person nor use for any purpose unrelated to this action such court papers or attorney work product except pursuant to court order or agreement with the Producing Party and Designating Party. If any person receiving documents covered by this Order (the "Receiver") is served with a subpoena, demand, or any other legal process seeking Discovery

Material by one not a party to this action which was produced or designated as Confidential Discovery Material in this action, the Receiver shall give prompt written notice to the Producing and Designating Parties, and shall, unless otherwise ordered by a court, decline to produce the Discovery Material on the basis of the existence of this Order.

12.     In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery Material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed this Order and provided a copy of same to all other counsel in this action.

13.     Neither this Order, the producing or receiving of Confidential Discovery Material hereunder, nor otherwise complying with the terms of this Order shall:

   A.     Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material, except that the parties waive any objections based on the confidentiality or private nature of the material, or that the material is a trade secret or proprietary;

   B.     Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Order;

        C.    Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

        D.    Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material;

        E.    Prejudice in any way the rights of a party to contest the designation of nay Discovery Material as privileged or "Confidential."

14.    Nothing herein shall prevent any party to this action from using, for any purpose, and in any manner, Confidential Discovery Material that such party produced and designated as Confidential Discovery Material in connection with this action.

15.    Nothing in this Order shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Discovery Material shall be treated at trial.

**ORDER**

Dated this 23rd day of May, 2007.

BY THE COURT:

_____
United States Magistrate Judge
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

Respectfully submitted, this 22nd day of May, 2007,

| | |
|---|---|
| s/ Theodore Brin | s/ Ericka F. Houck Englert |
| Theodore Brin | Timothy R. Beyer |
| Carolin Topelson | Ericka F. Houck Englert |
| The Law Offices of Brin & Riley | BROWNSTEIN HYATT FARBER |
| 1601 Blake St., Suite 305 | SHRECK, PC 410 17th Street |
| Denver, CO  80202 | Suite 2200 |
| Denver, CO  80202 | Denver, CO  80202-4437 |
| | (303) 223-1100 |
| Elizabeth A. Starrs | |
| Anna N. Martinez | |
| STARRS MIHM & CASCHETTE LLP | ATTORNEYS FOR DEFENDANT |
| 707 East Seventeenth Street | |
| Suite 2600 | |
| Denver, CO 80202 | |

ATTORNEYS FOR PLAINTIFF

<u>EXHIBIT A</u>

### UNDERTAKING PURSUANT TO ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

1.   I have read the foregoing Order dated, _____, 2007, that governs the treatment of Confidential and Discovery Material, as defined in the Confidentiality Stipulation and Protective Order ("Order"), in the action styled <u>Charles R. Anderson v. National City Bank</u>.

2.   I have been informed that materials being shown or provided to me contain information that has been designated Confidential Discovery Material, as defined in the Order.

3.   I hereby represent that I have not divulged, and will not divulge, or undertake to divulge, any Confidential Discovery Material except as authorized in the Confidentiality Stipulation. I further represent that I will not use any Confidential Discovery Material for any purpose other than the Litigation, and that, at the termination of the Litigation, I will return all Confidential Discovery Material with which I have been provided to the counsel from whom I received such Discovery Material.

4.   I hereby agree to abide by the terms of the Order.

5.   For the purposes of enforcing the terms of the Order, I hereby submit to the jurisdiction of the United States District Court for the District of Colorado.

Dated: _____

Printed Name: _____

Signature: _____

10244\6\1055550.1

# EXHIBIT B

## UNDERTAKING PURSUANT TO ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

1. I have read the foregoing Order dated, _____, 2007, that governs the treatment of Confidential and Discovery Material, as defined in the Confidentiality Stipulation and Protective Order ("Order"), in the action styled <u>Charles R. Anderson v. National City Bank</u>.

2. I have been informed that materials being shown or provided to me contain information that has been designated Confidential Discovery Material, as defined in the Order.

3. I hereby represent that I have not divulged, and will not divulge, or undertake to divulge, any Confidential Discovery Material except as authorized in the Confidentiality Stipulation. I further represent that I will not use any Confidential Discovery Material for any purpose other than the Litigation, and that, at the termination of the Litigation, I will return all Confidential Discovery Material with which I have been provided to the counsel from whom I received such Discovery Material.

4. I hereby attest that I am not currently employed, engaged by or directly advising any competitor of the Producing Person with respect to any business matter materially related to the subject matter of this action; and I agree that I will not provide any such advice within the six months after my service has been completed in connection with this action and that I am using said information solely in connection with this action.

10244\6\1055552.1

5. I hereby agree to abide by the terms of the Order.

6. For the purposes of enforcing the terms of the Order, I hereby submit to the jurisdiction of the United States District Court for the District of Colorado.

Dated: _____

Printed Name: _____

Signature: _____