IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-02427-REB-KLM

CHARLES R. ANDERSON,

     Plaintiff(s)/Counter Defendant(s),

v.

NATIONAL CITY BANK,

     Defendant(s)/Counter Claimant(s).

_____

**MINUTE ORDER**

_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

     This matter is before the Court on the Motion for Leave to Amend Plaintiff's Reply to Counterclaims [Docket No. 58, Filed July 23, 2007] ("Plaintiff's Motion").  Plaintiff's motion has been fully briefed, and the Court finds accordingly:

     IT IS HEREBY **ORDERED** that Plaintiff's Motion is **DENIED.**  Plaintiff seeks to extend the deadline for amending the pleadings set forth in the Court's Scheduling Order. Fed. R. Civ. P. 16(b) requires "good cause" to amend a Scheduling Order.  *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).  The "good cause" determination required by Rule 16(b) is a more stringent standard than the one set forth in Fed. R. Civ. P. 15(a) when a party seeks to amend a pleading.  *Id.*  If the Rule 16(b) "good cause" standard is met, Plaintiff must also meet the test for amendment under Rule 15(a), which focuses on, among other things, whether the amendment would cause undue prejudice to the nonmoving party.  *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

     Plaintiff's initial Motion sought leave "due *in part* to Plaintiff's decision to switch counsel."  Plaintiff's Motion [Docket No. 58] at 2 (emphasis added).  However, the Motion did not explain the other reasons for the late request.  Defendant responded that "good cause" had not been shown for a variety of reasons.  Plaintiff replied that the late request to amend was also due to Defendant's supplementation of discovery responses one week before the motion was filed, which resulted in production of new evidence.  Plaintiff's Reply [Docket No. 67] at 2-3.  However, Plaintiff neglected to state this reason in his initial Motion, filed after receipt of those discovery responses.

The Court finds that Plaintiff has not made an adequate showing of good cause. Essentially, the amendment seeks to assert a new legal theory which could have been set forth at any time before or after the receipt of any alleged new evidence. Change in counsel is not sufficient good cause under Rule 16(b) to amend Plaintiff's Scheduling Order. *See Mansourian v. Bd. of Regents of Univ. of Cal. at Davis*, Civ. No. S-03-2591, 2007 WL 841739, at *3 (E.D. March 20, 2007) (unpublished decision) (holding that "retention of new counsel does not constitute good cause to amend the pretrial scheduling order . . . . The party's *diligence* in seeking amendment must be demonstrated"). Even if it were good cause, because of undue prejudice to Defendant, Plaintiff has not shown satisfied its burden under Rule 15(a). The Motion was filed twenty-three days before the discovery cut-off. It was filed after the deadline for designating experts and propounding written discovery. The discovery deadline has now passed in this case, and Defendant would be disadvantaged if the amendment were allowed. Accordingly, the Plaintiff's Motion is denied.

Dated: September 21, 2007