**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-02427-REB-MJW

CHARLES R. ANDERSON,

    Plaintiff,

v.

NATIONAL CITY BANK, a National Banking Association,

    Defendant.

---

**ORDER DENYING DEFENDANT'S UNOPPOSED MOTION TO CONSOLIDATE
CASE NO. 07-CV-01556-LTB WITH CASE NO. 06-CV-02427-REB-KLM**

---

**Blackburn, J.**

The matter before me is **Defendant's Unopposed Motion To Consolidate Case No. 07-cv-01556-LTB With Case No. 06-cv-02427-REB-KLM** [#74], filed August 29, 2007. I deny the motion.

The determination whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, pertinently:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

**FED.R.CIV.P.** 42(a).[1] The purpose of the rule is to allow the court "to decide how cases

---

[1] As the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned for trial, the question whether to consolidate these matters falls to me for determination. *See* **D.C.COLO.LCivR** 42.1.

on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." ***Breaux v. American Family Mutual Insurance Co.,*** 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, **FEDERAL PRACTICE AND PROCEDURE** § 2381 at 427 (2nd ed. 1995)). The decision whether to consolidate cases is committed to my sound discretion. ***Shump v. Balka***, 574 F.2d 1341, 1344 (10th Cir. 1978).

I am frankly baffled as to why defendant would propose consolidation of these matters. Defendant has filed a motion to dismiss the later-filed action on the ground that it plaintiff is "claim splitting," that is, attempting to circumvent the expiration of the deadline for amending pleadings in this case by filing a new action. (*See **Anderson v. National City Bank***, Civil Case No. 07-cv-01556-LTB, **Defendant's Motion To Dismiss Second-Filed Action** at 6-8 [#2], filed August 29, 2007.) Defendant vigorously opposed plaintiff's attempts to amend his pleadings in this case to assert these same matters in defense of the counterclaims asserted against him (*see* **Response In Opposition to Motion for Leave To Amend Plaintiff's Reply to Counterclaims** [#61], filed August 6, 2007), and, in fact, the magistrate judge now has denied plaintiff's request so to amend his pleadings (*see* **Minute Order** [#84], filed September 21, 2007).[2]

I can see no benefit in terms of judicial economy or otherwise to be realized by permitting consolidation here. Regardless whether Judge Babcock grants or denies

---

[2] Nor did plaintiff file objections to this non-dispositive order of the magistrate judge within the time permitted by Fed.R.Civ.P. 72(a).

the motion to dismiss in the case before him, consolidation would essentially permit plaintiff to pursue claims that have already been determined to be procedurally barred in this case.  Unless defendant intends to concede the merits of its motion to dismiss in Judge Babcock's case, which seems doubtful, it strikes me as likely that its first post-consolidation submission would be a motion to dismiss the consolidated claims.  Such a wasteful exercise would be completely contrary to the purposes Rule 42(a) is designed to advance.

**THEREFORE, IT IS ORDERED** that **Defendant's Unopposed Motion To Consolidate Case No. 07-cv-01556-LTB With Case No. 06-cv-02427-REB-KLM** [#74], filed August 29, 2007, is **DENIED**.

Dated October 19, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**